## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANTWAIN DICKEY** | * | **CIVIL ACTION NO. 25-1470** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **UNITED STATES OF AMERICA AND** | * | **MAGISTRATE JUDGE** |
| **DEBRA SMITH** | | **KAREN WELLS ROBY** |

\*   \*   \*   \*   \*   \*   \*   \*

## ORDER & REASONS

Before the Court is a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) filed by Defendants, the United States of America and Debra Smith. R. Doc. 14. Plaintiff Antwain Dickey filed a notice of no opposition. R. Doc. 16. Considering the record, briefing, and applicable law, the Court **GRANTS** the motion.

### I.      BACKGROUND & PRESENT MOTION

This is a Federal Torts Claims Act ("FTCA") suit that arises out of a car accident. R. Doc. 1. Plaintiff asserts negligence claims against the United States of America and Debra Smith, alleging that Debra Smith struck Plaintiff's vehicle with the United States Postal Services vehicle she was operating while in the course and scope of her employment. *Id.* at 2–3.

Defendants filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the FTCA "provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment." R. Doc. 14-1 at 1 (citing 28 U.S.C. § 2679(b)(1)). Defendants attached to the motion a certification signed by the Assistant United States Attorney and Civil Division Chief stating that Debra Smith was "acting within the scope of her FTCA-covered employment at the time of the subject accident." R. Doc. 14-3. Therefore, Defendants press, Plaintiff cannot state

1

a cognizable claim against Debra Smith under the FTCA, and that the United States is the only proper defendant in this suit. Plaintiff filed a notice of no opposition. R. Doc. 16.

## II.    LEGAL STANDARD & ANALYSIS

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to seek dismissal of a complaint based on "lack of subject-matter jurisdiction."  The burden of proof of the presence of subject matter jurisdiction is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). District courts can dismiss suits for lack of subject matter jurisdiction "'on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Ynclan v. Dep't of Air Force,* 943 F.2d 1388, 1390 (5th Cir. 1991)).

Plaintiff pleaded in his complaint that Debra Smith was in the course and scope of her employment when she hit his car with a USPS vehicle. R. Doc. 1 at 3. Defendants placed into the record, and Plaintiff does not dispute, the fact that the local Civil Division Chief certified that on the record presently available to him, Debra Smith was within the course and scope of her FTCA-covered employment at the time of the subject car accident. R. Doc. 14-3. The FTCA plainly provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arise, any civil action . . . shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

It is well settled in this district and "beyond dispute that the United States, and not the responsible . . . employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin*

2

*v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."). Therefore, because there is record evidence certifying that Debra Smith was indeed in the course and scope of her employment, the FTCA provides that the United States is the only proper defendant in this suit. The Court thus lacks subject matter jurisdiction over Plaintiff's claims against Debra Smith.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss, R. Doc. 14, is **GRANTED**. Defendant Debra Smith is hereby dismissed with prejudice from the instant case.

New Orleans, Louisiana, this 17th day of December, 2025.

_____

THE HONORABLE ELDON E. FALLON